Welch, J.
The question mainly argued by counsel, namely, whether the words “containing forty acres,” are to be regarded as a covenant that, the tract of land conveyed contains that number of acres, or as mere matter of de.scription, we think does not arise in the case. In our judgment the real question presented is, whether the deed conveys only the land lying north of the road, or whether it includes also the road-bed. If it includes the road-bed, there seems to be no deficit in quantity; and therefore it is immaterial whether the words of quantity are to be regarded as a covenant or not, because if they are to be regarded as a covenant, it is enough to say that the covenant has not been broken.
We think the land conveyed includes the road-bed. There are two apparently repugnant descriptions of the land, but their repugnancy is only apparent, or at least not absolute or irreconcilable. The land is described as lying .north of the road, and also as being bounded on the south by the south line of the road. It seems to us that these two •descriptions are reasonably reconcilable, on the theory thatj taken together, they describe the land as lying north of the south line of the road, or as lying (mainly) north of, but including the road. In other words, we think that the description by metes and bounds must prevail, in so far as the two descriptions seem to clash. It may be observed, also, that the description by metes and bounds is strengthened' by the fact that these boundaries contain the quantity of -land called for; whereas, there is a deficit if the north line of the road be regarded as the southern boundary of the •land. Leave refused.
Day, C. J., McIlvaine, Stone, and White concurring.